UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

COSME CRUZ and SHIRLEANN CRUZ,

        Plaintiffs,                      Case Number 15-13543

v.                                          Honorable David M. Lawson

CAPITAL ONE, N.A.,

        Defendant.
_____/

## OPINION AND ORDER GRANTING MOTION TO DISMISS AND DISMISSING COMPLAINT WITH PREJUDICE

Plaintiffs Cosme and Shirleann Cruz filed this action alleging that defendant Capital One, N.A. wrongfully foreclosed the mortgage on their family home to enforce collection of a delinquent promissory note. They identified six causes of action in their complaint. The defendant, maintaining that the complaint did not state a claim for which relief could be granted, moved to dismiss under Federal Rule of Civil Procedure 12(b)(6). The plaintiffs' response to the motion did not attempt to justify or support any of the pleaded claims. Instead, the plaintiffs made a new claim for fraudulent misrepresentation, to which the defendant responded to the new claim in its reply brief. The parties agreed that the motion could be decided without oral argument, and the court finds that the motion papers adequately set forth the relevant facts and law, and oral argument will not aid in the disposition of the motion. Therefore, it is **ORDERED** that the motion be decided on the papers submitted. *See* E.D. Mich. LR 7.1(f)(2).

Because the plaintiffs have not alleged that they were prejudiced by a fraud or irregularity in the foreclosure proceeding, which would make the foreclosure voidable, their claims based on wrongful foreclosure fail. The plaintiffs also have not pleaded with particularity their claim of

fraudulent misrepresentation. Therefore, the motion to dismiss will be granted and the complaint will be dismissed with prejudice.

I.

According to the complaint and the available public records, the plaintiffs borrowed $360,000 on December 14, 2007 from ING Bank, FSB. That same day, they granted the lender a mortgage interest on real property located at 1017 Lake Shore Road, Grosse Pointe Shores, Michigan (the "Property"). The mortgage was recorded on December 20, 2007. On August 11, 2014, the mortgage was assigned to defendant Capital One as successor by merger to ING Bank.

The plaintiffs allege that after several years of making all required payments under the note and mortgage, they were temporarily unable to meet their payment obligations. Aware that they were not making their payments, the plaintiffs allege that they watched diligently for any and all notices with respect to their mortgage. The plaintiffs allege that the defendant never sent a notice of default (as required by paragraph 22 of the mortgage) giving the plaintiffs notice of their rights and 30 days to cure the default before the lender invoked the acceleration clause. The plaintiffs allege that under paragraph 19 of the mortgage, exercising the right to reinstate requires payment of a much higher amount than just curing the pre-acceleration default, although that provision of the mortgage actually requires payment of all amounts then due "as if no acceleration had taken place." Nonetheless, the plaintiffs allege that the defendant wrongfully accelerated the debt, thus effectively nullifying the plaintiffs' right to cure, which left them with only two options: (1) to pay the amount required to reinstate the loan; or (2) to pay the accelerated loan balance in full. The plaintiffs assert that they would have paid the alleged past due payments, late fees, and all the other fees necessary to reinstate under paragraph 19 of the mortgage had they received the notice of sale. It is not clear

when, but it appears that the plaintiffs were engaged in the loan modification process with the defendant.

The defendant initiated foreclosure proceedings by advertisement on November 18, 2014. The defendant purchased the Property at the foreclosure sale for $195,275.61 on February 20, 2015. August 20, 2015 became the redemption deadline. The plaintiffs do not allege that they attempted to redeem the Property within the redemption period. Five days after the redemption period expired, the plaintiffs allege that they sent a qualified written request to the defendant requesting a copy of the note, but no response was received as of the date the complaint was filed.

The plaintiffs also allege that they contacted attorney Steven Ruza to assist them in investigating the foreclosure and to help them with their loan modification or other loss mitigation activities with the defendant. The plaintiffs contend that throughout the representation, attorney Ruza assured the plaintiffs that he was actively working with the defendant on the plaintiffs' loan modification. They further allege that attorney Ruza took their money, but failed to meet his responsibilities under the agreement. On May 9, 2015, attorney Ruza was charged with thirty criminal felony counts by the Michigan attorney general, which included racketeering and obtaining money by false pretenses related to attorney Ruza's promises to homeowners that he would help them save their homes. The plaintiffs allege that as a result of attorney Ruza's deceptive and fraudulent practices, they were left without information on the status of their file with Ruza and uninformed about whether anything had been done with their loan modification.

The plaintiffs allege that they were qualified for a loan modification under the Home Affordable Modification Program (HAMP) or other loan modification. They say that they were and are able to afford a reasonable monthly mortgage payment should the defendant work with them to

modify the loan. The plaintiffs allege that they have suffered damages as a result of the defendant's misconduct.

On September 23, 2015, the plaintiffs filed their complaint in the Macomb County Circuit Court alleging six causes of action: (1) wrongful foreclosure; (2) breach of contract; (3) slander of title; (4) declaratory relief foreclosure barred by unclean hands; (5) preliminary injunction; and (6) request for equitable mortgage and/or for conversion to judicial foreclosure. The defendant removed the case to this Court on October 8, 2015, thereafter filing its motion to dismiss.

II.

As noted, the defendant's motion is brought under Federal Rule of Civil Procedure 12(b)(6). "The purpose of Rule 12(b)(6) is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief if all the facts and allegations in the complaint are taken as true." *Rippy ex rel. Rippy v. Hattaway*, 270 F.3d 416, 419 (6th Cir. 2001) (citing *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993)). Under Rule 12(b)(6), the complaint is viewed in the light most favorable to the plaintiff, the allegations in the complaint are accepted as true, and all reasonable inferences are drawn in favor of the plaintiff. *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008). "However, while liberal, this standard of review does require more than the bare assertion of legal conclusions." *Columbia Nat'l Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995); *Tackett v. M & G Polymers, USA, L.L.C.*, 561 F.3d 478, 488 (6th Cir. 2009). "To survive a motion to dismiss, [a plaintiff] must plead 'enough factual matter' that, when taken as true, 'state[s] a claim to relief that is plausible on its face.' *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, 570 (2007). Plausibility requires showing more than the 'sheer possibility' of relief but less than a 'probab[le]' entitlement to relief. *Ashcroft v. Iqbal*, [556 U.S. 662, 678] (2009)." *Fabian v.*

*Fulmer Helmets, Inc.*, 628 F.3d 278, 280 (6th Cir. 2010). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

Under the new regime ushered in by *Twombly* and *Iqbal*, pleaded facts must be accepted by the reviewing court but conclusions may not be accepted unless they are plausibly supported by the pleaded facts. "[B]are assertions," such as those that "amount to nothing more than a 'formulaic recitation of the elements'" of a claim, can provide context to the factual allegations, but are insufficient to state a claim for relief and must be disregarded. *Iqbal*, 556 U.S. at 681 (quoting *Twombly*, 550 U.S. at 555). However, as long as a court can "'draw the reasonable inference that the defendant is liable for the misconduct alleged,' a plaintiff's claims must survive a motion to dismiss." *Fabian*, 628 F.3d at 281 (quoting *Iqbal*, 556 U.S. at 678).

Consideration of a motion to dismiss under Rule 12(b)(6) is confined to the pleadings. *Jones v. City of Cincinnati*, 521 F.3d 555, 562 (6th Cir. 2008). Assessment of the facial sufficiency of the complaint ordinarily must be undertaken without resort to matters outside the pleadings. *Wysocki v. Int'l Bus. Mach. Corp.*, 607 F.3d 1102, 1104 (6th Cir. 2010). However, "documents attached to the pleadings become part of the pleadings and may be considered on a motion to dismiss." *Commercial Money Ctr., Inc. v. Illinois Union Ins. Co.*, 508 F.3d 327, 335 (6th Cir. 2007) (citing Fed. R. Civ. P. 10(c)); *see also Koubriti v. Convertino*, 593 F.3d 459, 463 n.1 (6th Cir. 2010). Even if a document is not attached to a complaint or answer, "when a document is referred to in the pleadings and is integral to the claims, it may be considered without converting a motion to dismiss into one for summary judgment." *Commercial Money Ctr.*, 508 F.3d at 335-36. If the plaintiff does not directly refer to a document in the pleadings, but that document governs the plaintiff's rights and

is necessarily incorporated by reference, then the motion need not be converted to one for summary judgment. *Weiner v. Klais & Co., Inc.*, 108 F.3d 86, 89 (6th Cir. 1997) (holding that plan documents could be considered without converting the motion to one for summary judgment even though the complaint referred only to the "plan" and not its associated documents). In addition, "a court may consider matters of public record in deciding a motion to dismiss without converting the motion to one for summary judgment." *Northville Downs v. Granholm*, 622 F.3d 579, 586 (6th Cir. 2010) (citing *Commercial Money Ctr., Inc.*, 508 F.3d at 335-36).

A.

Relying on *Bryan v. JPMorgan Chase Bank*, 304 Mich. App. 708, 713, 848 N.W.2d 482, 485 (2014), in its reply brief, the defendant argues that the plaintiffs lack standing because the plaintiffs failed to redeem the Property within the redemption period. Attacks on wrongful foreclosure claims based on lack of standing have bred confusion, mostly because "standing" has a specific meaning in Article III parlance that does not map easily onto the rationale of the Michigan courts' use of the term.

In unpublished cases, the Sixth Circuit has said that when "jurisdiction is premised on diversity of citizenship, a plaintiff must have standing under both Article III and state law in order to maintain a cause of action." *Morell v. Star Taxi*, 343 F. App'x 54, 57 (6th Cir. 2009); *see also El-Seblani v. IndyMac Mortgage Servs.*, 510 F. App'x 425, 428 (6th Cir. 2013); *Howard v. Chase Home Fin.*, LLC, 555 F. App'x 567, 570 (6th Cir. 2014). Tracing back this proposition through the cases cited by the *Morell* court, however, reveals that the concept of standing under State law invokes an inquiry into whether that State's statutory or common law has conferred a cause of action on the plaintiff. That inquiry focuses not so much on the power of a court to adjudicate on the

question of jurisdiction, but rather, on the merits of the dispute. The Supreme Court has admonished courts to use the term "jurisdiction" with more precision. *Kontrick v. Ryan*, 540 U.S. 443, 454-55 (2004). Perhaps the same should be said of the term "standing."

Standing is required in order to confer subject matter jurisdiction upon federal courts under Article III of the Constitution. It is "the threshold question in every federal case." *Warth v. Seldin*, 422 U.S. 490, 498 (1975). The Supreme Court has stated that the standing requirement "limits federal court jurisdiction to actual controversies so that the judicial process is not transformed into 'a vehicle for the vindication of the value interests of concerned bystanders.'" *Coal Operators & Assocs., Inc. v. Babbitt*, 291 F.3d 912, 915-16 (6th Cir. 2002) (quoting *Valley Forge Christian College v. Ams. United for Separation of Church & State, Inc.*, 454 U.S. 464, 473 (1982)). There are three constitutional requirements for standing. *See Vermont Agency of Natural Res. v. United States ex rel. Stevens*, 529 U.S. 765, 771 (2000); *City of Cleveland v. Ohio*, 508 F.3d 827, 835 (6th Cir. 2007). "To establish Article III standing, a litigant must show (1) an injury in fact; (2) a causal connection between the injury and the conduct complained of; and (3) that the injury will likely be redressed by a favorable decision." *Barnes v. City of Cincinnati*, 401 F.3d 729, 739 (6th Cir. 2005) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)).

In addition to the constitutional requirements, a plaintiff must also satisfy three prudential standing requirements. *See City of Cleveland*, 508 F.3d at 835. First, a plaintiff must "assert his own legal rights and interests, and cannot rest his claim for relief on the legal rights or interests of third parties." *Warth*, 422 U.S. at 499 (citations omitted). Second, a plaintiff's claim must be more than a "generalized grievance" that is pervasively shared by a large class of citizens. *Coal Operators*, 291 F.3d at 916 (citing *Valley Forge*, 454 U.S. at 474-75). Third, in statutory cases, the

plaintiff's claim must fall within the "zone of interests" regulated by the statute in question. *Ibid.* "These additional restrictions enforce the principle that, 'as a prudential matter, the plaintiff must be a proper proponent, and the action a proper vehicle, to vindicate the rights asserted.'" *Ibid.* (quoting *Pestrak v. Ohio Elections Comm'n*, 926 F.2d 573, 576 (6th Cir. 1991)).

"The [Michigan] Supreme Court has long held that the mortgagor may hold over after foreclosure by advertisement and test the validity of the sale in the summary proceeding." *Manufacturers Hanover Mortgage Corp. v. Snell*, 142 Mich. App. 548, 553, 370 N.W.2d 401, 404 (1985) (citing *Reid v. Rylander*, 270 Mich. 263, 267, 258 N.W. 630 (1935); *Gage v. Sanborn*, 106 Mich. 269, 279, 64 N.W. 32 (1895)). "Otherwise, the typical mortgagor who faces an invalid foreclosure would be without remedy, being without the financial means to pursue the alternate course of filing an independent action to restrain or set aside the sale." *Ibid.* (citing *Reid*, 270 Mich. at 267, 258 N.W. 630; 16 Michigan Law and Practice, Mortgages, § 174, pp. 438-39).

The plaintiffs allege continuing ownership of the property, Compl. ¶ 123, and satisfies the constitutional and prudential standing requirements. The idea that the expiration of the redemption period time divests a Court of the power and authority to adjudicate the claim because the plaintiffs have no standing is foreign to Federal jurisprudence. The standing argument itself is a merits argument, not a jurisdictional argument. The plaintiffs have standing to bring their claims.

B.

The defendant also advances several arguments attacking each of the plaintiffs' enumerated causes of action. The plaintiffs did not respond to any of those arguments or make any attempt to defend any of the causes of action listed in the complaint, which are (1) wrongful foreclosure; (2) breach of contract; (3) slander of title; (4) declaratory relief foreclosure barred by unclean hands;

(5) preliminary injunction; and (6) request for equitable mortgage and/or for conversion to judicial foreclosure.

It is plain that counts 4 and 5 do not state actual claims for relief, because declaratory and injunctive relief are remedies, not causes of action. *Mettler Walloon, L.L.C. v. Melrose Twp.*, 281 Mich. App. 184, 221, 761 N.W.2d 293, 317 (2008) ("declaratory relief is a remedy . . . not a claim."); *Qadeer v. Bank of Am., N.A.*, 2013 WL 424776, at *7 (E.D. Mich. Feb. 4, 2013) ("Although styled as a separate count, count V is simply a demand for injunctive relief and alleges no substantial cause of action.").

The plaintiffs did not offer any argument in defense of their other four claims. A plaintiff abandons undefended claims. *Doe v. Bredesen*, 507 F.3d 998, 1007-08 (6th Cir. 2007) (affirming the district court's conclusion that the plaintiff abandoned certain claims by failing to raise them in his brief opposing the government's motion to dismiss); *Meredith v. Allen Cty. War Memorial Hosp. Comm'n*, 397 F.2d 33, 34 n.2 (6th Cir. 1968) ("Plaintiff also alleged in his complaint that jurisdiction existed under the antitrust laws, but this allegation was not advanced either in opposition [to] defendants' motion to dismiss or on appeal, and we therefore assume that the claim of antitrust violation has been abandoned."); *Mekani v. Homecomings Fin., LLC,* 752 F. Supp. 2d 785, 797 (E.D. Mich. 2010) (stating that where a plaintiff fails to respond to an argument in a motion to dismiss, "the Court assumes he concedes this point and abandons the claim"). Those claims will be dismissed.

C.

In their brief in response to the motion to dismiss, the plaintiffs argue that they have two new causes of action, relying on new factual allegations: (1) breach of contract due to implied covenant

of good faith and fair dealing; and (2) fraudulent misrepresentation. The Sixth Circuit, in the context of summary judgment, has "'treated legal theories first raised in the plaintiff's response . . . as an implicit motion to amend the complaint when all of the relevant facts had previously been pled.'" *JAT, Inc. v. Nat'l City Bank of Midwest*, 460 F. Supp. 2d 812, 818 (E.D. Mich. 2006) (quoting *Super Sulky, Inc. v. U.S. Trotting Ass'n*, 174 F.3d 733, 740 (6th Cir. 1999)). Once a parties' right to amend a pleading as a matter of course has passed, a party may amend "its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Here, there are passing references to the loan modification application in the complaint. The plaintiffs have alleged new facts in support of their fraudulent misrepresentation claim, and the defendant has responded adequately to the argument in its reply brief. Mindful that "[t]he court should freely give leave when justice so requires," *ibid.*, the Court will address the two new claims as if the complaint had been amended.

1.

"Michigan does not recognize a cause of action for breach of the implied covenant of good faith and fair dealing." *Fodale v. Waste Mgmt. of Michigan, Inc.*, 271 Mich. App. 11, 35, 718 N.W.2d 827, 841 (2006) (citing *Belle Isle Grill Corp. v. Detroit*, 256 Mich. App. 463, 476, 666 N.W.2d 271 (2003)). Therefore, the plaintiffs cannot advance that claim. Arguably, their response brief argument may describe a claim of unjust enrichment. However, Michigan courts will not imply a contract where there is an express contract governing the same subject matter. *Id.* at 36. Here, the parties' rights are expressed clearly in the note and the mortgage. There is no viable claim for breach of the implied covenant of good faith and fair dealing or unjust enrichment.

2.

The defendant argues that the plaintiffs' fraudulent misrepresentation claim fails because it does not meet the heightened pleading standard of Federal Rule of Civil Procedure 9(b), and it is barred by the Michigan statute of frauds.

In Michigan, fraudulent misrepresentation consists of the following elements:

(1) the defendant made a material representation; (2) the representation was false; (3) when the defendant made the representation, it knew that it was false, or made the representation recklessly, without any knowledge of its truth, and as a positive assertion; (4) the defendant made the representation with the intention that it should be acted on by the plaintiff; (5) the plaintiff acted in reliance on the representation; and (6) the plaintiff suffered injury due to his reliance on the representation.

*MacDonald v. Thomas M. Cooley Law Sch.*, 724 F.3d 654, 662 (6th Cir. 2013) (quoting *Hord v. Envtl. Research Inst. of Mich.,* 463 Mich. 399, 617 N.W.2d 543, 546 (2000) (per curiam)). Additionally, a party must state "with particularity" the circumstances constituting the fraud. Fed. R. Civ. P. 9(b); *see also Bennett v. MIS Corp.*, 607 F.3d 1076, 1100 (6th Cir. 2010). That means that the complaint must "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *Indiana State Dist. Council of Laborers and Hod Carriers Pension and Welfare Fund v. Omnicare, Inc.*, 583 F.3d 935, 942–43 (6th Cir. 2009) (quotation marks and citation omitted).

The plaintiffs allege that the defendant promised that it would approve a loan modification; that the defendant knew the representation was false when the defendant made it; and that the plaintiffs relied on the defendant's representation to their detriment. In support, the plaintiffs made vague allegations regarding the loan modification process with the defendant. In their complaint, the plaintiffs alleged that they contacted attorney Ruza, in part, to help them with their loan

modification or other loss mitigation activities with the defendant. In their response brief, they further allege that the defendant induced them to submit a loan modification application. The plaintiffs contend that the defendant made them resubmit the loan modification application several times in an attempt to defraud them of the Property while the defendant commenced foreclosure proceedings. "These bare assertions . . . amount to nothing more than a 'formulaic recitation of [the elements of fraudulent misrepresentation].'" *Iqbal*, 556 U.S. at 681 (quoting *Twombly*, 550 U.S. at 555). Moreover, the plaintiffs have not identified the specific statements that were made, by whom they were made, or where and when they were uttered. The plaintiffs' claim of fraudulent misrepresentation has not been pleaded with particularity required by Rule 9(b).

The plaintiffs' fraudulent misrepresentation claim faces another obstacle: it is barred by the Michigan Statute of Frauds. As a general matter, a Statute of Frauds bars certain claims based on oral promises, requiring such representations to be formalized, usually in writing. *See Thurn v. McAra*, 374 Mich. 22, 25, 130 N.W.2d 887, 889 (1964). Michigan's Statute of Frauds contains the following provision:

> (2) An action shall not be brought against a financial institution to enforce any of the following promises or commitments of the financial institution unless the promise or commitment is in writing and signed with an authorized signature by the financial institution:
> . . .
> (c)   A promise or commitment to waive a provision of a loan, extension of credit, or other *financial accommodation*.

Mich. Comp. Laws § 566.132(2)(c) (emphasis added). "This language is unambiguous. It plainly states that a party is precluded from bringing a claim — no matter its label — against a financial institution to enforce the terms of an oral promise to waive a loan provision." *Crown Tech. Park v. D&N Bank, FSB*, 242 Mich. App. 538, 550, 619 N.W.2d 66, 72 (2000). "[A]n agreement to delay

a foreclosure sale is an agreement to make a 'financial accommodation' within the scope of [Mich. Comp. Laws § 566.132(2)(a)]." *Crenshaw v. Wells Fargo, N.A.*, No. 12-12768, 2012 WL 3156572, at *4 (E.D. Mich. Aug. 3, 2012) (quoting *FEI Co. v. Republic Bank, S.E.*, No. 268700, 2006 WL 2313612, at *2 (Mich. Ct. App. Aug. 10, 2006)). The defendant is a financial institution. The plaintiffs are trying to allege that Capital One made a promise to grant a financial accommodation that was not memorialized in writing. That claim cannot go forward; it is barred by the Statute of Frauds.

III.

The plaintiffs have standing to proceed with a challenge to the foreclosure of their mortgage. However, they have abandoned the causes of action set out in their complaint. And the new claims argued in their response brief, even if allowed as an amendment to the complaint, fail to state claims for which relief can be granted.

Accordingly, it is **ORDERED** that the defendant's motion to dismiss the complaint [dkt. #7] is **GRANTED**.

It is further **ORDERED** that the complaint is **DISMISSED WITH PREJUDICE**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated:   June 28, 2016

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on June 28, 2016.

s/Susan Pinkowski
SUSAN PINKOWSKI